**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| INDEPTH ENGINEERING SOLUTIONS, LLC, a Michigan Limited Liability Company, 850 Stephenson Highway, Suite 322 Troy, MI 48083<br><br>MANOHAR PALSA 3171 Bloomfield Lane Apt 403 Auburn Hills, MI 48326<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, 20 Massachusetts Ave NW, Washington DC 20529<br><br>Defendant. | Case No.:<br><br>COMPLAINT |

## **COMPLAINT**

### I.   INTRODUCTION

1. This is an action brought pursuant to section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq.*, seeking to hold unlawful and set aside the decisions of denying INDEPTH ENGINEERING SOLUTIONS, LLC (InDepth Engineering)'s Form I-129, Petition for Nonimmigrant Worker upon behalf of MANOHAR GOUD PALSA, as

1

well as his concomitantly filed application for change of nonimmigrant status, on the grounds that these decisions were arbitrary and capricious.

## II.   PLAINTIFFS

2. INDEPTH ENGINEERING is a Michigan limited liability company employing highly qualified engineers from premier institutes with decades of experience from automotive, alternative energy, entertainment and aerospace organizations across the world. Their experience spans from basic, task based engineering, to deep research in a specific field, to development and management of whole delivery centers for engineering services.

3. MANOHAR PALSA is a highly qualified software professional who is a native and citizen of India, currently in the United States in "F-1" (foreign student) status.

## III.   DEFENDANT

4. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV.   JURISDICTION

5. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V.   STANDING

6. Likwise INDEPTH ENGINEERING has a legally protected interest in a decision by the USCIS on its petition upon behalf of MANOHAR GOUD PALSA which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion INDEPTH ENGINEERING will be unable to employ Mr. Palsa after the expiration of their current employment authorization and so will be unable to derive the revenues it would otherwise obtain from the sale of their services to its clients;   (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of INDEPTH ENGINEERING's petitions upon Mr. Palsa's behalf which will prevent him from working for INDEPTH ENGINEERING after the expiration of their current employment authorization; and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable INDEPTH ENGINEERING to continue to employ Mr. Palsa after the expiration of his current employment authorization and so continue to derive revenues from the sale of their services. Accordingly, INDEPTH ENGINEERING has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

7. Likewise MANOHAR PALSA has a legally protected interest in a decision by the USCIS on INDEPTH ENGINEERING'S petition upon his behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded inasmuch as because of the improper denial of this petition his application for change of nonmmigrant has also been denied.

The invasion of this right has caused him concrete and particularized injury in that as a result of this invasion he will be unable to enjoy the benefits of being an H-1B worker, including substantially greater employment opportunities and flexibility, (2) there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants' denial of InDepth's petition and his application for change of stay which prevents him from procuring H-1B status and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable to hold H-1B nonimmigrant status. Further, InDepth Engineering wishes to employ Mr. Krishnamurthy in the offered position. Accordingly, Mr. Krishnamurthy has standing to complain of this action. *Lujan, supra.*

## VI.     VENUE

8. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant resides.

## VII.     BRIEF STATEMENT OF PROCEDURAL HISTORY

9. On April 12, 2018 InDepth Engineering filed a Form I-129, Petition for Nonimmigrant Worker upon behalf of Manohar Goud Palsa for the purposes of employing him from October 1, 2018 to September 7, 2021 in a position which was internally designated as "Sr. Product Engineering" but involved performing the duties of an Software Developer- Applications as described in the Department of Labor's Standard Occupational Classification (SOC), pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b) and

concurrently applied to change Mr. Palsa's nonimmigrant status in the U.S. from F-1 (student) to H-1B (specialty occupation worker). The USCIS designated this matter as File No. WAC1814450014.

10. On November 2, 2018, following the USCIS's issuance of, and InDepth Engineering's response to, a request for evidence, the USCIS issued decisions denying both the petition and the application upon behalf of Mr. Palsa on the grounds that InDepth Engineering did not establish that the job offered was a specialty occupation because "the present record does not demonstrate the specific duties the beneficiary will perform under contract for your clients."

11. The USCIS also denied Mr. Palsa's application for change of nonimmigrant status because InDepth Engineering's petition upon his behalf was denied.

## VIII.    CAUSE OF ACTION

### COUNT I

*The decision denying InDepth Engineering's petition upon behalf of
Manohar Goud Palsa was arbitrary and capricious*

12. The decision denying InDepth Engineering's petition upon Manohar Goud Palsa's behalf (and so, necessarily, his application for change of nonimmigrant status) on the grounds that InDepth Engineering supposedly did not establish that the job offered was a specialty occupation because "the present record does not demonstrate the specific duties the beneficiary will perform under contract for your clients." was arbitrary and capricious in that it is squarely contradicted by the record and ignores

critical evidence. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *3.

13. In particular, the decision, aside from a vague reference to "of an end-client letter;" entirely disregarded the letter provided by Fiat-Chrysler America (FCA), InDepth Engineering's ultimate (or "end") client, describing in detail the duties of the offered position, which were consistent with those of a software developer, and the fact that FCA required a Bachelor's degree in Computer Science or its equivalent for the job.

14. Nor did the decision at any time dispute that the job offered was that of a software developer, nor that a software developer is a specialty occupation.

15. Inasmuch as "an agency cannot ignore evidence contradicting its position.", *Stellar IT*, 2018 U.S. Dist. LEXIS at 23 *23 quoting *Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018)  (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)), therefore this decision's disregard FCA's letter setting forth the job duties as indicating the job was that of a software developer and required a bachelor's degree in computer science and so qualified as a specialty occupation was arbitrary and capricious.

16. Further, inasmuch as there is no evidence in the record that shows that the job offered Mr. Palsa was not a specialty occupation,  the decision is also arbitrary and capricious because it runs counter to the evidence in the record. "[I]f the agency has . . . offered an explanation for its decision that runs counter to the evidence," its action is generally deemed arbitrary and capricious." *Stellar IT* at  *17-18 , quoting *Animal Legal Defense Fund, Inc. v. Perdue*, 872 F.3d 602, 611 (D.C. Cir. 2017).

(quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983).

17. 5 U.S.C. § 706 provides in material part that:

The reviewing court shall—

…

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … .

WHEREFORE it is respectfully requested that this Court hold unlawful and set aside the USCIS's decision denying INDEPTH ENGINEERING's petition for nonimmigrant worker upon MANOHAR GOUD PALSA's behalf and Mr. Palsa's application for change of nonimmigrant status, on the grounds that they were both arbitrary and capricious and not in accordance with law.

Respectfully submitted this 27th day of August, 2019

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway Ste 307, New York, NY 10007
646-845-9895
michaelpiston4@gmail.com